# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1030 | DATE | 3/12/2003 |
| CASE TITLE | Kampinen vs. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER. Kampinen's petition to proceed in forma pauperis is denied and the complaint is dismissed. Kampinen's motion for appointment of counsel is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 13 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 5 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | 03 MAR 12 PM 12:08  U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANNE KAMPINEN,                )
                                )
        Plaintiff,               )
                                )
    v.                           )   03 C 1030
                                )   Judge George M. Marovich
UNITED STATES,                   )
                                )
        Defendants.              )



MEMORANDUM OPINION AND ORDER

Petitioner Dianne Kampinen ("Kampinen") seeks leave to file her complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, against Defendant, United States, <u>in forma pauperis</u>. Kampinen also seeks appointment of counsel. For the reasons set forth below, this Court dismisses the Complaint because Kampinen's allegations are untimely and therefore legally frivolous.

Under 28 U.S.C. § 1915, when determining whether petitioners may proceed <u>in forma pauperis</u>, courts engage in a two-step analysis. First, the court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. 28 U.S.C. § 1915; <u>Nietzke v. Williams</u>, 490 U.S. 319, 324 (1989). Second, the court determines whether the complaint is frivolous. <u>Denton v. Hernandez</u>, 540 U.S. 25, 31 (1992); <u>Nietzke</u>, 490 U.S. at 324. An action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief in law or in fact. <u>Nietzke</u>, 490 U.S. at 324-25.

As to the first prong, Kampinen has indicated that she is unemployed and has no assets. She has indicated that her only source of income is $117 per week in unemployment wages and a



one-time gift of $1000. Accordingly, this Court concludes that Kampinen meets the level of poverty necessary for in forma pauperis status. However, under the second prong, this Court finds that the Complaint is legally frivolous because it is barred by the Act's statute of limitations.

The Act imposes two time constraints for filing tort claims against the United States. Miller v. United States, 741 F.2d 148, 150 (7th Cir. 1984). "First, a claimant must present a claim to the appropriate federal agency within two years of the date of its accrual. Second, a plaintiff must file a legal action, if at all, no more than six months after the federal agency mails its notice of final denial of the claim." Id.; 28 U.S.C. § 2401(b).[1] "If a federal agency fails to finally dispose of a properly made claim within six months of its presentation, the claimant has the option to treat the inaction as a constructive final denial." Miller, 741 F.2d at 150; 28 U.S.C. § 2675(a).[2] This option does not exist indefinitely, but must be exercised within a reasonable time after the six month period expires. Miller, 741 F.2d at 150. "These procedural hurdles are

---

[1] The statute reads, in relevant part: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

[2] Section 2765(a) provides, in relevant part: "An action shall not be instituted upon a claim against the United States...unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section...."

2

a key part of the government's waiver of sovereign immunity and are no less stringent for pro se plaintiffs." Moore v. United States Postal Service, No. 95-1021, 1995 WL 632365, at *2 (7th Cir. Oct. 26, 1995) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

Kampinen's various tort claims stem from an incident allegedly involving several United States Secret Service agents and Chicago police officers which began on September 25, 1998 and continued through September 28, 1998. Kampinen allegedly hand delivered a claim to the proper government agency on September 25, 2000.[3] The Complaint states that the claim form "was taken by *Mr. Gray*, apparently an agent of the USSS, who although he took the document, refused to sign it, even though I did ask him to sign my copy." A form attached to the Complaint, dated September 24, 2000, names the appropriate federal agency as the "U.S. Treasury - U.S. Secret Service Washington DC (Individuals of)". The Complaint further avers that Kampinen received "neither a denial nor an answer from this agency of the government whom I served, timely. (See attached copy and date noted on same) Because there has been no response, I now begin this action." Plaintiff filed this Complaint on February 11, 2003.

A court must liberally construe the allegations of a pro se Complaint. Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1996). In doing so, this Court is satisfied that Kampinen may be able to show that she properly presented her claim to a government agency by delivering her claim to the United States Secret Service on September 25, 2000. However, Kampinen has not pled facts that

---

[3] Plaintiff filed a civil rights action the same day, based on the same incident, which is still pending in this Court.

3

would allow this Court to conclude that she complied with the Act's second statute of limitations requirement.

The Complaint states Kampinen never received a response to her claim. Therefore, as of March 25, 2001, six months after she filed the claim, she had the option to treat the government's failure to respond as a constructive denial of her claim. According to the Seventh Circuit, she was required to exercise that option, if at all, by filing suit within a reasonable time thereafter. Miller, 741 F.2d at 150 (finding that 17 days was reasonable). Kampinen failed to meet this requirement because she waited more than 22 months to file her Complaint. She offered no explanation for the delay. Accordingly, this Court concludes that Kampinen's federal tort claims are untimely and therefore legally frivolous within the meaning of 28 U.S.C. § 1915(d).

## CONCLUSION

Accordingly, Kampinen's petition to proceed in forma pauperis is denied and the Complaint is dismissed. Kampinen's motion for appointment of counsel is denied as moot.

ENTER:

*[signature]*

George M. Marovich
United States District Judge

DATED: March 17, 2003